IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30193
Conference Calendar
_____

JOHN POULLARD,

                                        Plaintiff-Appellant,

versus

LONNIE EDMOND, Lieutenant, and
DAVID BLANCHARD, Sergeant,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 92-CV-270
- - - - - - - - - - -

August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     IT IS ORDERED that John Poullard's motions for leave to

proceed in forma pauperis (IFP) and for preparation of the trial

transcript at government expense are DENIED, because his appeal

lacks arguable merit and is therefore frivolous.  See Howard v.

King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal

is frivolous, IT IS FURTHER ORDERED that the appeal is DISMISSED.

See 5th Cir. R. 42.2.

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Poullard contends that the district court plainly erred by submitting the second set of interrogatories to the jury and by entering judgment for the appellees based on the finding that he did not sustain a significant injury. The record does not show, and Poullard does not assert, that he objected to this procedure in the district court.

The procedure followed by the district court was in accordance with this court's decisions relative to the qualified-immunity defense, in the context of a jury trial. A "bifurcated analysis" is appropriate for determining the merits of such a defense. Rankin v. Klevenhagen, 5 F.3d 103, 105, 108-09 (5th Cir. 1993). First there must be a determination whether the plaintiff proved "the violation of a clearly established constitutional right." See id. at 105 (quoting Siegert v. Gilley, 500 U.S. 226, 231 (1991)). This was determined by the jury's answer to the first interrogatory.

Consequently, it became appropriate for the jury to determine whether "the [appellees'] conduct was objectively reasonable, because [e]ven if an official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable." Rankin, id. (citations and quotation marks omitted). "The objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question." Mouille v. City of Live Oak, 918 F.2d 548, 551 (5th Cir. 1990), quoted in Rankin, 5 F.3d at 108.

In December 1990, this court's standard for Eighth Amendment excessive-force claims was as stated in <u>Huguet v. Barnett</u>, 900 F.2d 838, 841 (5th Cir. 1990). Under <u>Huguet</u>, the plaintiff had to prove that he sustained "a significant injury," which resulted from the use of clearly excessive and objectively unreasonable force, "constitut[ing] an unnecessary and wanton infliction of pain." <u>Id</u>.

In its answer to the first interrogatory, the jury found for Poullard on all of these elements except the first. In its answer to the second set of interrogatories, the jury found, however, that he did not sustain "a significant injury." Accordingly, the district court did not err in entering judgment for the defendant-appellees. Poullard's appeal is frivolous as a matter of law. <u>See</u> <u>Howard v. King</u>, 707 F.2d at 219-20.

IFP AND TRANSCRIPT DENIED; APPEAL DISMISSED.